1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 CLARENCE LONNELL ROBERSON, | Case No. 1:19-cv-01724-EPG (PC) |
| 12          Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| 13  v. | |
| 14 SECOND WATCH SGT, et al., | |
| 15          Defendants. | (ECF NO. **7**) |
| 16 | ORDER DIRECTING THAT DISTRICT JUDGE BE ASSIGNED TO THE CASE |
| 17 | |
| 18 | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |
| 19 | |
| 20 | |

21    Plaintiff, Clarence Lonnell Roberson, is proceeding *pro se* and *in forma pauperis* in this

22 civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this

23 action on December 11, 2019. (ECF No. 1.) The Court screened the Complaint, found that it

24 failed to state any cognizable claims, and gave leave to amend on June 23, 2020.  (ECF No. 6).

25 Plaintiff filed a First Amended Complaint on July 2, 2020.  (ECF No. 7).

26    The Court has screened Plaintiff's First Amended Complaint and finds that it fails to

27 state any cognizable claims. For the reasons that follow, the Court recommends that this case

28 be dismissed.  Plaintiff has thirty days from the date of this order to file objections to this order.

1

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**II.     ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff's First Amended Complaint's complete allegations are as follows:

Denied medical treatment, after being cut with a razor by another inmate.

> Discontinuing my [illegible] and placing me back repeatidly [sic] on the same yard in the same building I was attacked after making staff aware that my safety is jeopardized.
>
> Each SGT, L.T. and c/o placed me in restraints and told me they don't care what's going on.  If I couldn't give them information of inmates who had cellphones or drugs I would continue to be placed on the yard no matter what.

(ECF No. 7).

## III.   SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be

1    established when an official sets in motion a 'series of acts by others which the actor knows or

2    reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*,

3    479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely

4    resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus.*

5    *Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533

6    F.3d 1010, 1026 (9th Cir. 2008).

7         Additionally, a plaintiff must demonstrate that each named defendant personally

8    participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there

9    must be an actual connection or link between the actions of the defendants and the deprivation

10   alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436

11   U.S. 658, 691, 695 (1978).

12         "Local governing bodies… can be sued directly under § 1983 for monetary,

13   declaratory, or injunctive relief where… the action that is alleged to be unconstitutional

14   implements or executes a policy statement, ordinance, regulation, or decision officially adopted

15   and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

16         "Plaintiffs who seek to impose liability on local governments under § 1983 must prove

17   that action pursuant to official municipal policy caused their injury. Official municipal policy

18   includes the decisions of a government's lawmakers, the acts of its policymaking officials, and

19   practices so persistent and widespread as to practically have the force of law. These are

20   action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S.

21   51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

22         Supervisory personnel are generally not liable under § 1983 for the actions of their

23   employees under a theory of respondeat superior and, therefore, when a named defendant holds

24   a supervisory position, the causal link between him and the claimed constitutional violation

25   must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862

26   (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for

27   relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts

28   that would support a claim that the supervisory defendants either personally participated in the

alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**IV.     ANALYSIS OF PLAINTIFF'S CLAIMS**

Prison officials must take reasonable measures to guarantee the safety of inmates. *See Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prison official can be liable for failing to protect inmates only if: (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of that risk but deliberately ignores it. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994).

Here, Plaintiff alleges that defendant placed Plaintiff back on the same yard and building after he was attacked.  He states that each Sergeant, Lieutenant, and correctional officer placed Plaintiff in restraints and told Plaintiff they didn't care what was going on, and that he would continue to be placed on the yard no matter what.

Plaintiff's complaint does not provide sufficient information to state a claim.  Plaintiff alleges that he was cut with a razor, but does not explain whether this was before or after he was put on the yard, what he told correctional officers about his risk of attack, whether he was attacked again after being place on the yard, what he requested that an officer do to prevent that attack.  While Plaintiff alleges that Defendants said they didn't care what was going on, he does not describe who said this and when, and whether it was before or after the razor attack. He also implausibly alleges that each sergeant, lieutenant and correctional officer told him this.

When the Court screened Plaintiff's original complaint, the Court explained:

1
2
3
4
5

Plaintiff alleges that Defendants refused to move him off the yard, intentionally keeping Plaintiff in harm's way knowing that his safety was in jeopardy. However, Plaintiff does not allege facts demonstrating that Defendants were subjectively aware of a serious risk of harm but deliberately ignored the risk. He does not describe what Defendant saw or knew that would show they were aware that Plaintiff's safety was in danger. Thus, Plaintiff has failed to state a cognizable claim against Defendants for deliberate indifference to serious risk of harm.

6
7

If Plaintiff chooses to file an amended complaint, he should describe what each defendant saw or heard that Plaintiff believes demonstrated that he was at risk, and how they responded or failed to respond to that risk.

8

9     Plaintiff's First Amended Complaint does not include any of the information described

10  in the Court's screening order.  Plaintiff's allegations in the First Amended Complaint are not

11  sufficient to state a claim against any defendant because they still do not describe what he told

12  each individual defendant, what they did or failed to do, and what happened to him after they

13  failed to act.  Plaintiff's allegations are not sufficient to conclude, even if true, that Plaintiff was

14  at an excessive and substantial risk of serious harm and that these individual defendants were

15  subjectively aware of that risk but deliberately ignored it.

16  **V.      RECOMMENDATIONS AND ORDER**

17     The Court has screened Plaintiff's First Amended Complaint and finds that it fails to

18  state any cognizable claim. The Court recommends not allowing leave to amend because

19  Plaintiff was already given leave to amend with the relevant legal standards.

20     Based on the foregoing, the Court HEREBY ORDERS that the Clerk of the Court assign

21  a district judge and RECOMMENDS that:

22          1.      This action be dismissed with prejudice; and

23          2.      The Clerk of Court be directed to close this case.

24     These findings and recommendations are submitted to the United States district judge

25  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty

26  (30) days after being served with these findings and recommendations, any party may file

27  written objections with the court.  Such a document should be captioned "Objections to

28  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be

1 | served and filed within seven (7) days after service of the objections.

2 |      The parties are advised that failure to file objections within the specified time may

3 | result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.

4 | 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5 |

6 | IT IS SO ORDERED.

7 |    Dated: **October 6, 2020**          /s/ *Erica P. Grosjean*

8 |                                UNITED STATES MAGISTRATE JUDGE