UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SECOND WATCH SGT, et al.,<br><br>  Defendants. | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST THE TWO DOE SERGEANTS AND THE DOE LIEUTENANT AND ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS AGAINST DEFENDANT KQA, DEFENDANT GONZALEZ, THE TWO DOE SERGEANTS, THE DOE LIEUTENANT, AND THE TWO DOE CORRECTIONAL OFFICERS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF No. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff, Clarence Lonnell Roberson, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on December 11, 2019. (ECF No. 1). On June 23, 2020, the Court screened Plaintiff's complaint and found that it failed to state

any cognizable claims. (ECF No. 6). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint that includes additional true factual allegations, if Plaintiff believes that additional allegations would state cognizable claim(s); or b. Notify the Court in writing that he wants to stand on this complaint, in which case the Court will issue findings and recommendations consistent with this order to a district judge." (Id. at 10).

On July 6, 2020, Plaintiff filed his First Amended Complaint. (ECF No. 7). On October 6, 2020, the Court screened Plaintiff's First Amended Complaint, found that it failed to state any cognizable claims, and issued findings and recommendations recommending that this action be dismissed with prejudice. (ECF No. 9). On October 20, 2020, Plaintiff filed his objections. (ECF No. 10). On October 21, 2020, the Court withdrew the findings and recommendations and granted Plaintiff leave to amend because the objections included "additional factual allegations that indicate that [Plaintiff] may be able to amend his complaint to state a cognizable claim." (ECF No. 11, p. 2). Plaintiff filed his Second Amended Complaint on October 30, 2020. (ECF No. 12).

Plaintiff's Second Amended Complaint is now before this Court for screening. For the reasons that follow, the Court will recommend that this action proceed on Plaintiff's Eighth Amendment failure to protect claim against the two Doe sergeants and the Doe lieutenant and on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant KQA, defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers.[1] The Court will also recommend that all other claims and defendants be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

\\\

---

[1] Plaintiff is advised that Doe defendants cannot be served until Plaintiff has identified them and amended his complaint to substitute the named defendants in place of the Doe defendants. For service to be successful, the Court and/or the United States Marshal must be able to identify and locate the defendants to be served. Plaintiff will be required to identify the Doe defendants as the litigation proceeds. The Court notes that, once discovery opens, Plaintiff will be given the opportunity to seek information to identify the Doe defendants.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

While housed on EOP C-Yard, Plaintiff's cellmate threatened to kill him. Plaintiff immediately packed his belongings and moved out of the cell during pill call. Defendant

Correctional Officer KQA and defendant Correctional Officer Gonzalez asked Plaintiff what was going on. Plaintiff told them that he feared for his life because his cellmate just threatened to kill him, and that he has the means to do so because he has an "enormous amount of friends" on the yard.

Plaintiff was placed in a holding cage and interviewed by a sergeant (whom Plaintiff may be suing as a doe defendant). The unknown sergeant told defendant KQA and defendant Gonzalez to put Plaintiff back into the same cell.

Plaintiff immediately told staff that he was suicidal. Plaintiff was then placed on suicide watch. The next day, an unknown lieutenant (whom Plaintiff appears to be suing as a doe defendant) told the psychologist to discharge Plaintiff and had about seven correctional officers escort Plaintiff back to the same cell. The unknown lieutenant tried to force Plaintiff into the cell, and Plaintiff went suicidal again.

Then two unknown sergeants (whom Plaintiff appears to be suing as doe defendants) and the lieutenant said they would not protect Plaintiff unless Plaintiff provides the names of inmates who own cell phones and sell drugs. Plaintiff told them that he did not know of any, so they kept placing Plaintiff back on C-yard in the same building.

On one occasion Plaintiff was sent back without an escort and two inmates ran up to Plaintiff and attempted to harm him with razor blades. Plaintiff was cut on his left wrist when he tried to block the blows. He showed defendant KQA, defendant Gonzalez, the sergeants, and the lieutenant, and they just forced Plaintiff to house in C-7.

While housed in C-7, on the same yard where inmates were trying to take Plaintiff's life, Plaintiff was bleeding badly. Plaintiff kept asking for medical treatment, but none was provided. Two doe correctional officers on C-7 ignored Plaintiff. They did not feed Plaintiff and refused to allow medical staff to know about Plaintiff's injuries.

**III.    ANALYSIS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

      **A.  Section 1983**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or

4

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S.

5

658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Failure to Protect in Violation of the Eighth Amendment

To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). A prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates

face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

The Court finds that Plaintiff has failed to state a failure to protect claim against defendants KQA and Gonzalez.  Plaintiff has alleged that, after Plaintiff informed them of his concerns, they placed him in a holding cage, and he was interviewed by a sergeant.  While Plaintiff was going to be placed back in his cell, it was the sergeant who made this decision.  Plaintiff does not provide any factual allegations regarding what defendant KQA or defendant Gonzalez should have done, or even could have done, to protect him.  There is no indication that defendant KQA or defendant Gonzalez (who are both correctional officers) had the authority to move either Plaintiff or his cellmate.  Thus, Plaintiff has failed to sufficiently allege that either defendant KQA or defendant Gonzalez disregarded the alleged risk by failing to take reasonable measures to abate it.  Accordingly, the Court finds that Plaintiff has failed to state a failure to protect claim against defendants KQA and Gonzalez.

However, the Court finds that, for screening purposes, Plaintiff has sufficiently alleged a failure to protect claim against the two Doe sergeants[2] and the Doe lieutenant.  These defendants allegedly told Plaintiff that they would not protect him unless he provided the names of inmates who own cell phones and sell drugs.  Plaintiff did not provide names, these defendants did not sufficiently protect Plaintiff, and Plaintiff was attacked.  Based on the allegations in the complaint, the Court finds that Plaintiff's failure to protect claim against the two Doe sergeants and the Doe lieutenant should proceed past screening.

### C. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires

---

[2] It is not clear if one of these sergeants is the same sergeant who originally directed that Plaintiff be sent back to his cell.  In any event, Plaintiff only appears to be suing two Doe sergeants, and the Court is allowing Plaintiff's failure to protect claim against both to proceed past screening.

Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Liberally construing Plaintiff's complaint, Plaintiff has alleged that defendant KQA, defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers knew that Plaintiff had been cut during an attack by inmates, but refused to provide any

medical treatment.

Accordingly, based on the allegations in the complaint, the Court finds that Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant KQA, defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers should proceed past screening.[3]

### IV.  CONCLUSION AND RECOMMENDATIONS

The Court has screened the Second Amended Complaint and finds that following claims should proceed past screening: Plaintiff's Eighth Amendment failure to protect claim against the two Doe sergeants and the Doe lieutenant and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant KQA, defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers. The Court also finds that all other claims and defendants should be dismissed.

The Court previously explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with two opportunities to amend his complaint. As Plaintiff filed his Second Amended Complaint with the benefit of the information provided by the Court, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's Eighth Amendment failure to protect claim against the two Doe sergeants and the Doe lieutenant and on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant KQA, defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers; and
2. All other claims and defendants be dismissed.

---

[3] Plaintiff also alleges that the two Doe correctional officers did not feed him. However, Plaintiff does not specify how many meals these officers did not provide, and it does not appear that Plaintiff was denied a sufficiently significant number of meals. Accordingly, to the extent Plaintiff is attempting to bring a separate claim based on his allegation that these two officers did not feed him, the Court finds that Plaintiff has failed to state a claim. See, e.g, Merriman v. Lizarraga, 2017 WL 4340041, at *6 (E.D. Cal. Sept. 29, 2017) (finding that an allegation that the plaintiff was denied one meal was "insufficient to state a cognizable civil rights claim"); Scally v. Ferrara, 2016 WL 5234691, at *5 (E.D. Cal. Sept. 22, 2016) (finding that allegations that the plaintiff was harassed and denied one meal on two separate days "do not raise to the level of an Eighth Amendment violation").

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 4, 2021**              /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE