UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>SECOND WATCH SGT., et al.,<br><br>Defendants. | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF Nos. 15, 21.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in formal pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff requests an order prohibiting him from being transferred to Kern Valley State Prison ("KVSP"). (ECF Nos. 15, 21.)

I.   BACKGROUND

A.   **Plaintiff's Complaint**

Plaintiff initiated this action on December 11, 2019. According to the complaint, while Plaintiff was housed on EOP C-Yard at KVSP, his cellmate threatened to kill him. (ECF No. 1.) Plaintiff notified defendants KQA, Gonzalez, two Doe sergeants, and a Doe lieutenant, but

1

Plaintiff was placed back in the same cell. (*Id.*) and ultimately Plaintiff was attacked by two inmates with razor blades and was denied medical treatment. (*Id.*)

The Court has screened Plaintiff's complaint and this case is proceeding on Plaintiff's Eighth Amendment failure to protect claims against two Doe sergeants and a Doe lieutenant and on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against defendants KQA, Gonzalez, the two Doe sergeants, the Doe lieutenant, and two Doe correctional officers. (ECF No. 13, 18.) The Court issued an order finding service of the complaint appropriate and directing service on March 3, 2021. (ECF No. 19.) Defendants KQA and Gonzalez have filed a waiver of service but have not yet responded to the complaint. (ECF No. 22.)

### B. Plaintiff's Motions

On February 1, 2021, Plaintiff filed a motion requesting an "emergency protection order" from a decision to transfer Plaintiff from Salinas Valley State Prison ("SVSP") to KVSP. (ECF No. 15.) According to this motion, SVSP staff had decided to transfer Plaintiff back to KVSP to the same yard and same building where the attack giving rise to his complaint took place. (*Id.*) Plaintiff made "the warden, counselors E.T.C." aware of his concerns and they were still forcing him to transfer to KVSP, where he still has "a lot of enemies" on C-Yard. (*Id.*) Plaintiff requested an order from the Court stopping the transfer.

On March 5, 2021, Plaintiff filed a second motion requesting similar relief. (ECF No. 21.) Plaintiff's second motion explained that he had been transferred back to C-Yard at KVSP and told a sergeant that he feared for his life on arrival, but "they forced [him] to come over [t]here anyways" and used unnecessary and excessive force to place him in a cell. (*Id.*) The entire cell was covered in dirt and had dry old food on the floor, lockers, and beds. (*Id.*) In the second motion, Plaintiff states that he has "enemies who all are apart of STG gangs" and are waiting to cause him harm. (*Id.*) Plaintiff has been threatened twice, staff has Plaintiff "stuck against [his] will" on the yard until he is attacked, and the Warden is upset and retaliating due to Plaintiff's previous motion. (*Id.*)

///

///

2

**C.     The Warden's Response**

On February 8, 2021, after Plaintiff filed his first motion, the Court entered an order requesting that the Warden of KVSP respond to Plaintiff's motion. (ECF No. 16.) On March 1, 2021, the Warden of KVSP filed his response. (ECF No. 17.)

In his response, the Warden argues that the Court does not have jurisdiction to order injunctive relief because he is Plaintiff's current custodian and is not a party to this action. (ECF No. 17 at 4.) Additionally, Plaintiff has not demonstrated that he is likely to succeed on the merits of his failure to protect claim, and only alleges that he informed staff of a general threat of harm. (*Id.* at 4-5.) Plaintiff also does not demonstrate that he is likely to suffer irreparable harm. (*Id.* at 5-6.) Plaintiff's only documented enemy is his former cellmate, and KVSP has already taken steps to protect Plaintiff from him because that former cellmate is housed in a different facility. (*Id.* at 5.) If KVSP staff attempt to house the former cellmate with Plaintiff, they will receive an alert from the Strategic Offender Management System that that inmate should not be housed in the same facility. (*Id.*) KVSP staff also previously investigated an allegation that Plaintiff was threatened by an inmate known as "Peanut" but confirmed that this inmate does not exist, and Plaintiff has not been able to provide any information regarding the identities of the inmates who stabbed him, or that those inmates remain housed at KVSP. (*Id.*) Without this information, KVSP staff cannot ensure that Plaintiff does not come into contact with them or that transferring him to a different facility at KVSP, or even a different prison, would prevent Plaintiff from encountering them again. (*Id.* at 5-6.) Finally, the Warden argues that the balance of equities does not favor Plaintiff, an injunction is not in the public interest, the Court should exercise deference in favor of prison officials, and an injunction would not comply with the prison Litigation Reform Act. (*Id.* at 6-7.)

**II.     LEGAL STANDARDS**

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other

3

authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.   DISCUSSION**

The Court will recommend that Plaintiff's motion be denied.

Plaintiff has not identified any specific immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff. Plaintiff's former cellmate is housed in a different facility, and there are safeguards in place to prevent this former cellmate from being transferred to the same facility as Plaintiff. Additionally, Plaintiff has not established whether the two inmates described in the complaint are still housed at

C-Yard. Plaintiff's motions only make generalized statements that he has "enemies" in C-Yard. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

Plaintiff indicates in his second motion that an unidentified sergeant used unnecessary and excessive force, the cell he was placed in was unsanitary, and the Warden is retaliating against him. However, Plaintiff does not provide any further detail regarding these events. Additionally, these allegations are beyond the scope of the complaint. This case is proceeding on Plaintiff's Eighth Amendment claims against two Doe sergeants, a Doe lieutenant, two Doe correctional officers, KQA, and Gonzalez arising out of Plaintiff's former cellmate's threats and an attack by two unidentified inmates. Plaintiff is not entitled to an injunction in this action based on his allegations of retaliation, unnecessary and excessive force, and unsanitary conditions against non-defendants.[1] *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff has not established that he is likely to succeed on the merits. Plaintiff does not submit any declarations, witness statements, or other evidence suggesting Defendants were deliberately indifferent to a serious risk of harm or deliberately indifferent to a serious medical need in violation of his Eighth Amendment rights as alleged in the complaint.

Plaintiff further fails to show the balance of equities supports injunctive relief. "Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that the government is afforded widest latitude in cases involving the administration of state prisons). Plaintiff has not shown that the equities favor this Court interfering with a prison classification decision.

---

[1] Plaintiff's second motion does not indicate that the unidentified sergeant who allegedly used unnecessary and excessive force against him is one of the same Doe sergeants described in the complaint.

5

Finally, Plaintiff is seeking injunctive relief against the CDCR, the Warden of SVSP, and/or the Warden of KVSP. However, the CDCR and the Wardens are not defendants in this action and the defendants in this case do not appear to have the authority to provide the relief Plaintiff is seeking. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Accordingly, the Court will recommend that the motion be denied.

### IV. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief (ECF Nos. 15, 21) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 2, 2021**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE