# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>L.T., et al.,<br><br>   Defendants. | Case No. 1:19-cv-01724-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION FOR AN ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, OR IN THE ALTERNATIVE, FOR AN ORDER REQUIRING SECURITY BE DENIED<br><br>(ECF No. 26)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS |

Clarence Lonnell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 8, 2021, Defendants Ga and Gonzalez (collectively "Defendants") filed a motion for an order revoking Plaintiff's *in forma pauperis* status, or in the alternative, an order requiring security, along with a request for the Court to take judicial notice of court records in six of Plaintiff's prior cases.

For the reasons that follow, the undersigned will recommend that Defendants' motion for an order revoking Plaintiff's *in forma pauperis* status, or in the alternative, an order requiring security be denied.

///

///

## I. BACKGROUND

Plaintiff filed the complaint commencing this action on December 11, 2019. (ECF No. 1). The Court granted Plaintiff's application to proceed *in forma pauperis* on December 12, 2019. (ECF No. 4). On March 2, 2021, the Court screened Plaintiff's second amended complaint, and the case is now proceeding on Plaintiff's Eighth Amendment failure to protect claims against the two Doe sergeants and the Doe lieutenant and on Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs against Defendant Ga, Defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers. (ECF No. 18).

On April 8, 2021, Defendants filed a motion for an order revoking Plaintiff's *in forma pauperis* status, or in the alternative, an order requiring security, along with a request for the Court to take judicial notice of court records in six of Plaintiff's prior cases, which were filed in this district. (ECF Nos. 26, 27). On April 22, 2021, Plaintiff filed an opposition to the motion. (ECF No. 31). On April 28, 2021, Defendants filed a reply. (ECF No. 33).

## II. DISCUSSION

### A. Judicial Notice

The Court takes judicial notice of the following relevant documents filed in six of Plaintiff's prior cases: (1) Roberson v. Sacramento County Jail, No. 2:07-cv-02684-MCE-EFB, ECF Nos. 6, 8–10; (2) Roberson v. Nuygen, No. 1:17-cv-00980-DAD-BAM, ECF Nos. 8, 10, 11; (3) Roberson v. Summers, No. 2:17-cv-02049-WBS-DB, ECF Nos. 12–15; (4) Roberson v. CSP-Corcoran Mailroom Staff, No. 1:17-cv-01331-AWI-SAB, ECF Nos. 13–15; (5) Roberson v. Singh, No. 2:14-cv-02302-WBS-DJN, ECF Nos. 75, 77, 78; and (6) Roberson v. Hand, No. 2:17-cv-02376-JAM-EFB, ECF Nos. 16–19. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases[.]"). These documents are attached as exhibits to Defendants' request for judicial notice and are identified by Bates numbers AGO_001–076. (Req. for Judicial Notice ("RJN") Ex. A–F, ECF No. 27).

### B. Strikes

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

2

1 or more prior occasions, while incarcerated or detained in any facility, brought an action or
2 appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
3 malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under
4 imminent danger of serious physical injury."

5     In determining whether a case counts as a "strike," "the reviewing court looks to the
6 dismissing court's action and the reasons underlying it . . . . This means that the procedural
7 mechanism or Rule by which the dismissal is accomplished, while informative, is not
8 dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted).
9 See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("[N]o 'particular formalities are
10 necessary for an order that serves as the basis of [an involuntary] dismissal.'" (quoting Yourish
11 v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (second alteration in original)).

12     Defendants assert that the dismissals in Roberson v. Sacramento County Jail, No. 2:07-
13 cv-02684-MCE-EFB, Roberson v. Nuygen, No. 1:17-cv-00980-DAD-BAM, Roberson v.
14 Summers, No. 2:17-cv-02049-WBS-DB, and Roberson v. CSP-Corcoran Mailroom Staff, No.
15 1:17-cv-01331-AWI-SAB, constitute strikes under 28 U.S.C. § 1915(g).

16     In Roberson v. Sacramento County Jail, No. 2:07-cv-02684-MCE-EFB, the magistrate
17 judge found the complaint did "not state a cognizable claim against any defendant," dismissed
18 the complaint with leave to amend within thirty days, and notified Plaintiff that "[f]ailure to file
19 an amended complaint will result in a recommendation this action be dismissed for failure to
20 state a claim." (RJN Ex. A, at AGO_002, 005).[1] After the thirty-day deadline expired without
21 Plaintiff filing an amended complaint, the magistrate judge issued findings and recommendation
22 to dismiss the action for failure to state a claim. (Id. AGO_006). The Court adopted the findings
23 and recommendation in full and dismissed the action with prejudice for failure to state a claim.
24 (Id. AGO_009). Accordingly, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

25     In Roberson v. Nuygen, No. 1:17-cv-00980-DAD-BAM, the magistrate judge issued
26 findings and recommendation to dismiss Plaintiff's federal claims for failure to state a claim

---

[1] References to page numbering are to ECF page numbering for documents filed electronically in CM/ECF, but to Bates numbering for the exhibits attached to the request for judicial notice due to the illegibility of the ECF pagination.

1 upon which relief may be granted and that because "Plaintiff has failed to state any cognizable
2 federal claims in this action, it is recommended that the Court decline to exercise supplemental
3 jurisdiction over Plaintiff's state law causes of action, and that Plaintiff's state law claims be
4 dismissed without prejudice." (RJN Ex. B, at AGO_013–014). The Court adopted the findings
5 and recommendation in full, dismissed Plaintiff's federal claims with prejudice for failure to
6 state a claim upon which relief may be granted, and dismissed Plaintiff's state law claims
7 without prejudice to their re-filing in a state court action. (Id. AGO_016). This dismissal does not
8 count as a "strike" under 28 U.S.C. § 1915(g). See Harris v. Harris, 935 F.3d 670, 674 (9th Cir.
9 2019) (holding that "partial dismissals of even one claim for a non-qualifying reason will save an
10 entire case from constituting a strike" and that "[d]ismissal based on a district court's decision
11 not to exercise supplemental jurisdiction is not an enumerated ground under § 1915(g)," and
12 thus, "will not qualify as a strike").

13      In Roberson v. Summers, No. 2:17-cv-02049-WBS-DB, the magistrate judge found
14 Plaintiff "state[d] no cognizable claim for relief under federal law," "decline[d] to exercise
15 supplemental jurisdiction over his state law claim," dismissed the complaint with leave to amend
16 within thirty days, and notified Plaintiff that "[f]ailure to file an amended complaint will result in
17 a recommendation this action be dismissed." (RJN Ex. C, at AGO_022, 027). After the thirty-
18 day deadline expired without Plaintiff filing an amended complaint, the magistrate judge issued
19 findings and recommendation to dismiss the action without prejudice, citing to Local Rule 110
20 (authorizing sanctions for noncompliance with court order) and Federal Rule of Civil Procedure
21 41(b) (authorizing dismissal if plaintiff fails to prosecute or comply with court order). (Id.
22 AGO_028). The Court adopted the findings and recommendation in full and dismissed the action
23 without prejudice. (Id. AGO_031). This dismissal does not count as a "strike" under 28 U.S.C.
24 § 1915(g). See Evans v. Sherman, No. 1:19-cv-00226-DAD-BAM, 2019 WL 5304923, at *1
25 (E.D. Cal. Oct. 21, 2019) (rejecting argument that "a conclusion [of failure to state a cognizable
26 federal claim] reached by a magistrate judge in a screening order that grants leave to amend can
27 form the basis of a § 1915(g) strike dismissal under circumstances where that plaintiff
28 subsequently fails to file an amended complaint, the magistrate judge recommends dismissing

the action solely for failure to file an amended complaint, and the district court 'adopts in full' that recommendation and dismisses the case without any reference to whether the original complaint failed to state a claim").

In Roberson v. CSP-Corcoran Mailroom Staff, No. 1:17-cv-01331-AWI-SAB, the magistrate judge issued findings and recommendation to dismiss the action for failure to state a cognizable claim. (RJN Ex. D, at AGO_046). The Court adopted the findings and recommendation in full and dismissed the action with prejudice for failure to state a cognizable claim for relief. (Id. AGO_049). Accordingly, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

As set forth above, Defendants only have shown that Plaintiff had two strikes prior to filing this action. Accordingly, Defendants' motion for an order revoking Plaintiff's *in forma pauperis* status should be denied.

### C. Vexatious Litigant

Having found that Plaintiff's *in forma pauperis* status should not be revoked, the Court now turns to Defendants' alternative argument that Plaintiff should post security because he is a vexatious litigant. The All Writs Act, 28 U.S.C. § 1651, gives the Court the inherent power to enter pre-filing orders against vexatious litigants. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the Court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The Court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46–47). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts. Molski, 500 F.3d at 1057.

Under Ninth Circuit precedent, in order to sanction a litigant under the Court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith."

1   Fink, 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the
2   Court's inherent powers, "recklessness when combined with an additional factor such as
3   frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993–94. A litigant may be
4   sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-
5   frivolous argument or objection." Id. at 992. "[I]nherent powers must be exercised with restraint
6   and discretion." Chambers, 501 U.S. at 44.

7   Under federal law, litigiousness alone is insufficient to support a finding of
8   vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (noting that pre-
9   filing injunctions "cannot issue merely upon a showing of litigiousness. The plaintiff's claims
10  must not only be numerous, but also be patently without merit"). The focus is on the number of
11  suits that were frivolous or harassing in nature rather than on the number of suits that were
12  simply adversely decided. See De Long, 912 F.2d at 1148 ("[B]efore a district court issues a pre-
13  filing injunction against a pro se litigant, it is incumbent on the court to make 'substantive
14  findings as to the frivolous or harassing nature of the litigant's actions.'" (citation omitted)). The
15  Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or
16  excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir.
17  2012). For these reasons, the mere fact that a plaintiff has had numerous suits dismissed against
18  him is an insufficient ground upon which to make a finding of vexatiousness under Ninth Circuit
19  precedent.

20  In contrast, under California law, a vexatious litigant is one who "[i]n the immediately
21  preceding seven-year period has commenced, prosecuted, or maintained in propria persona at
22  least five litigations other than in small claims court that have been . . . finally determined
23  adversely to the person . . . ." Cal. Civ. Proc. Code § 391(b)(1). California law provides that "a
24  defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to
25  furnish security . . . ." Cal. Civ. Proc. Code § 391.1.

26  Rule 151(b) of the Local Rules of Practice for the United States District Court, Eastern
27  District of California states: "On its own motion or on motion of a party, the Court may at any
28  time order a party to give a security, bond, or undertaking in such amount as the Court may

determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby."

As this Court has previously found, however, Local Rule 151(b) is a purely procedural rule that allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious. Federal substantive law regarding who is a vexatious litigant is still binding on this Court. See Trujillo v. Gomez, No. 1:14-cv-01370-LJO-EPG, 2017 WL 2289308, at *1 (E.D. Cal. May 25, 2017) ("The central question here is whether courts in this district look to federal or state law in determining whether a litigant qualifies as vexatious such that they may be required to post bond. . . . Ninth Circuit precedent interpreting the parameters of courts' power under the All Writs Act is binding upon this Court. Although the local rules set the procedures for ordering a litigant to post security, this Court cannot interpret the local rules to exceed the Court's power under federal law."); Smith v. Officer Sergeant, No. 2:15-cv-00979-GEB-DB, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) ("Both this court's local rule and Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant."); Goolsby v. Gonzales, No. 1:11-cv-00394-LJO-GSA, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014) ("While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness."), report and recommendation adopted, 2014 WL 3529998 (E.D. Cal. July 15, 2014).

Moreover, even under California case law:

> Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.

Morton v. Wagner, 156 Cal. App. 4th 963, 970–71 (2007).

1  Defendants argue that Plaintiff qualifies as a vexatious litigant because he has
2 "commenced or maintained five unsuccessful actions in the previous seven years," citing to (1)
3 Roberson v. Singh, No. 2:14-cv-02302-WBS-DJN; (2) Roberson v. Nuygen, No. 1:17-cv-00980-
4 DAD-BAM; (3) Roberson v. Summers, No. 2:17-cv-02049-WBS-DB; (4) Roberson v. CSP-
5 Corcoran Mailroom Staff, No. 1:17-cv-01331-AWI-SAB; and (5) Roberson v. Hand, No. 2:17-
6 cv-02376-JAM-EFB. (ECF No. 26 at 17–18). Defendants do not argue that Plaintiff meets the
7 federal standard for a vexatious litigant. Indeed, Defendants do not make any argument regarding
8 the frivolousness, or lack thereof, of Plaintiff's prior cases or this case.

9  Based on the information currently before this Court, the undersigned recommends
10 declining to declare Plaintiff a vexatious litigant under federal law. In order to sanction a litigant
11 under the Court's inherent powers, the Court must make a specific finding of "bad faith or
12 conduct tantamount to bad faith." Fink, 239 F.3d at 994. Here, Defendants have not alleged, and
13 the Court cannot make a specific finding of, bad faith. Roberson v. Singh, No. 2:14-cv-02302-
14 WBS-DJN, was dismissed without prejudice for failure to exhaust administrative remedies, and
15 Roberson v. Hand, No. 2:17-cv-02376-JAM-EFB, was dismissed without prejudice for failure to
16 comply with Federal Rules of Civil Procedure 8(a) and 10(a). (RJN Ex. E, at AGO_066; RJN Ex.
17 F, at AGO_070, 075). These dismissals, without more, do not demonstrate that Plaintiff filed the
18 actions with a malicious or vexatious intent. This leaves only three previous cases that were
19 dismissed for failure to state a claim. While having cases dismissed for failure to state a claim
20 could demonstrate bad faith, three dismissals, without more, is not enough to demonstrate that
21 Plaintiff is filing cases in bad faith.

22  Defendants have failed to meet their burden to demonstrate that Plaintiff is a vexatious
23 litigant under the applicable legal standards. As Defendants have failed to make a threshold
24 showing that Plaintiff is a vexatious litigant under federal law, the Court declines to address
25 Defendants' argument that Plaintiff is not likely to succeed on the merits in this case.

26  Accordingly, the undersigned recommends denying Defendants' alternative request for
27 an order requiring security without prejudice so that Defendants may choose to file a motion
28 requesting that Plaintiff be declared a vexatious litigant consistent with the standards that apply

in this case, as discussed above. Because Defendants have not specifically argued that Plaintiff is a bad faith litigant under federal law, the undersigned does not comment on the merits of such a motion.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendants' motion for an order revoking Plaintiff's *in forma pauperis* status (ECF No. 26) be DENIED; and
2. Defendants' alternative request for an order requiring security be DENIED, without prejudice to Defendants filing another motion for order requiring Plaintiff to post security that is consistent with the legal standards discussed above.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY-ONE (21) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 16, 2021**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

9