UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>SECOND WATCH SGT., et al.,<br><br>Defendants. | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 34)<br><br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in formal pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion requesting an order transferring him out of Kern Valley State Prison ("KVSP"). (ECF No. 34.) For the following reasons, the Court will recommend that Plaintiff's motion be denied.

**I.   BACKGROUND**

**A.   Plaintiff's Complaint**

Plaintiff initiated this action on December 11, 2019. (ECF No. 1.) According to the complaint, while Plaintiff was housed on EOP C-Yard at KVSP, his cellmate threatened to kill

1

him. (*Id.*) Plaintiff notified defendants KQA, Gonzalez, two Doe sergeants, and a Doe lieutenant, but Plaintiff was placed back in the same cell. (*Id.*) Plaintiff was ultimately attacked by two inmates with razor blades and was denied medical treatment. (*Id.*)

The Court has screened Plaintiff's complaint and this case is proceeding on Plaintiff's Eighth Amendment failure to protect claims against two Doe sergeants and a Doe lieutenant and on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against defendants KQA, Gonzalez, the two Doe sergeants, the Doe lieutenant, and two Doe correctional officers. (ECF No. 13, 18.)

### B. Prior Motions

On February 1, 2021, Plaintiff filed a motion requesting an "emergency protection order" from a decision to transfer Plaintiff from Salinas Valley State Prison ("SVSP") to KVSP. (ECF No. 15.) On February 8, 2021, the Court entered an order requesting that the Warden of KVSP respond to Plaintiff's motion. (ECF No. 16.) On March 1, 2021, the Warden of KVSP filed his response. (ECF No. 17.) Plaintiff filed a second motion requesting similar relief on March 5, 2021. (ECF No. 21.) On April 2, 2021, the Court entered findings and recommendations recommending that Plaintiff's two motions for injunctive relief be denied. (ECF No. 25.)[1]

On April 8, 2021, Defendants KQA and Gonzalez ("Defendants") filed a motion for an order revoking Plaintiff's *in forma pauperis* status or, in the alternative, requiring security. (ECF No. 26.) Plaintiff filed a response to the motion on April 22, 2021, and Defendants filed a reply on April 28, 2021. (ECF Nos. 31, 33.) The Court entered findings and recommendations recommending that Defendants' motion be denied on June 16, 2021. (ECF No. 38.)[2]

///

///

---

[1] District Judge Dale A. Drozd entered an order adopting the Court's findings and recommendations on May 18, 2021. (ECF No. 36.)

[2] As part of their motion, Defendants requested that the deadlines to respond to the Court's Order Regarding Early Settlement Conference entered on March 23, 2021 (ECF No. 24) and to file a responsive pleading be stayed. On April 9, 2021, the Court entered an order staying these deadlines pending resolution of Defendants' motion. As the Court's findings and recommendations entered on June 16, 2021 remain pending before Judge Drozd, Defendants have not yet responded to the early settlement conference or filed a responsive pleading.

### C.     Plaintiff's Motion

Plaintiff filed the underlying motion for injunctive relief on May 14, 2021. (ECF No. 34.) According to the motion, the Warden of KVSP knows about this lawsuit and has told staff in Plaintiff's unit not to allow Plaintiff to attend E.O.P. groups or use the telephone. (*Id.* at 1.) Plaintiff has complained to his psychologist and his supervisor and all unit staff, but they claim they have to follow the Warden's rules even though they're illegal and being made in retaliation for Plaintiff's lawsuit. (*Id.*) Plaintiff has submitted an emergency 602 and is waiting for a response. (*Id.* at 1-2.)

Plaintiff also asserts that Defendants' counsel filed a motion that was "highly disrespectful by calling Plaintiff [a] 'vexatious' plaintiff" because Plaintiff was fighting for his rights. (ECF No. 34 at 2.) Staff members are biased, racist, and intentionally disrespectful and they control people. (*Id.*) They have no decency or respect for the law at all. (*Id.*)

Plaintiff requests a "protective order be set in place by the court to transfer me by adverse transfer to remove me away from potential physical violence" at KVSP. (ECF No. 34 at 2.) Plaintiff fears for his safety and security because staff constantly prove their true and honest feelings towards him, which makes him very fearful. (*Id.*) Due to the Warden's demand not to let Plaintiff program, Plaintiff will be filing a separate lawsuit once the 602 is exhausted. (*Id.*) Plaintiff requests that the Court exercise its power and transfer him out of KVSP by adverse transfer for his safety. (*Id.*)

### D.     Defendants' Opposition

Defendants filed an opposition to Plaintiff's motion for injunctive relief on June 8, 2021. (ECF No. 37.) Defendants first argue that the Court lacks jurisdiction over the Warden of KVSP because he is not a party to this action, and any transfer to another prison must be approved by the Warden as well as potentially the warden of the receiving institution. (*Id.* at 4.) Plaintiff also is not likely to succeed on the merits because, as explained in Defendants' motion to revoke Plaintiff's *in forma pauperis* status, Plaintiff is a "three-strikes" litigant under the Prison Litigation Reform Act and a vexatious litigant under California law. (*Id.* at 4-5.) Additionally, Plaintiff failed to exhaust administrative remedies. (*Id.* at 5.)

Further, according to Defendants, Plaintiff cannot demonstrate that the is likely to suffer harm. (ECF No. 37 at 5.) Plaintiff's motion does not identify when he was allegedly deprived of telephone privileges and access to mental health programs, but the KVSP Litigation Coordinator investigated the issue and found that Plaintiff was only temporarily deprived of yard, recreation, programming, and telephone privileges for fourteen days immediately following his arrival at KVSP on February 23, 2021. (*Id.*) These restrictions were in place due to safety concerns and were lifted once Plaintiff appeared before a Unit Classification Committee for an initial review to determine his appropriate housing placement. (*Id.*) The Litigation Coordinator was not able to identify any denial of access to privileges during other times and Plaintiff now programs "without notable restrictions." (*Id.*) Additionally, when Plaintiff was interviewed in connection with his 602 on May 29, 2021, Plaintiff stated that staff was allowing him to access to the yard, dayroom, telephone, and mental health programs and he wanted to "recant" his statements. (*Id.*)

Finally, Defendants argue that an injunction is not in the public interest and does not comply with the Prison Litigation Reform Act. (ECF No. 37 at 7-8.) The Court should further exercise deference in favor of prison officials. (*Id.* at 7.)

Plaintiff did not file a reply in support of his motion for injunctive relief or otherwise respond to Defendants' opposition.

## II.     LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"

4

their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### III.   DISCUSSION

The Court will recommend that Plaintiff's motion be denied. This is Plaintiff's third motion for injunctive relief, and it suffers from many of the same defects as his first two motions.

First, Plaintiff again has not identified any specific immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff. Plaintiff only make generalized statements that he is afraid for his safety. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

Second, as the Court has previously explained to Plaintiff, his allegations that the Warden is retaliating against him are beyond the scope of the complaint. This case is proceeding on Plaintiff's Eighth Amendment claims against two Doe sergeants, a Doe lieutenant, two Doe correctional officers, KQA, and Gonzalez arising out of Plaintiff's former cellmate's threats and

5

an attack by two unidentified inmates. Plaintiff is not entitled to an injunction in this action based on his allegations of retaliation.[3] *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Third, Plaintiff has not established that he is likely to succeed on the merits. Plaintiff does not submit any declarations, witness statements, or other evidence suggesting Defendants were deliberately indifferent to a serious risk of harm or deliberately indifferent to a serious medical need in violation of his Eighth Amendment rights as alleged in the complaint.

Defendants, in turn, have submitted evidence in the form of a declaration from B. Hancock, the KVSP Litigation Coordinator, stating that he inquired with custody and mental health staff and determined that Plaintiff is programming "under normal conditions without notable restrictions." (ECF No. 37-1 at 1.) Plaintiff was also interviewed in connection with his administrative grievance and confirmed that he wanted to "recant [his] statement" because he was receiving phone calls and was able to attend groups. (*Id.* at 2-3.) Plaintiff did not file a reply or otherwise respond to Defendants' opposition.

Fourth, Plaintiff fails to show the balance of equities supports injunctive relief. "Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that the government is afforded widest latitude in cases involving the administration of state prisons). Plaintiff has not shown that the equities favor this Court interfering with a prison classification decision.

Fifth, Plaintiff is seeking injunctive relief against the Warden of KVSP. However, the Warden is not a defendant in this action and the defendants in this case do not appear to have the authority to provide the relief Plaintiff is seeking. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are

---

[3] The Court notes that even if Plaintiff were entitled to an injunction in this action based on his allegations that he is being retaliated against for prosecuting this action, Plaintiff has not submitted sufficient evidence to show that he is being retaliated against because he is prosecuting this action.

6

in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## IV. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief (ECF No. 34) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2021**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE