UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>L.T., et al.,<br><br>    Defendants. | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING SETTLEMENT CONFERENCE<br><br>(ECF No. 48) |

Plaintiff Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 24, 2021, Plaintiff filed a motion requesting a settlement conference. (ECF No. 48.)

Plaintiff's motion will be denied. On September 21, 2021, Defendants E. Gonzalez and K. Ga ("Defendants") filed a request to opt out of the settlement conference. (ECF No. 44.) Defendants' counsel explained that they plan to file a motion for summary judgment based on Plaintiff's failure to exhaust and requested to opt out of an early settlement conference at this time until the Court resolves the exhaustion issue. (*Id.*) On September 23, 2021, the Court entered an order granting Plaintiffs' request. (ECF No. 45.)

Given Defendants' representations, and because this case is still in its early stages, the Court will not order the parties to participate in a settlement conference at this time. The Court notes that Plaintiff may always communicate with Defendants' counsel, including in writing,

regarding the potential of settlement and any settlement offers. Such communications are confidential under Federal Rule of Evidence 408. Fed. R. Evid. 408(a)(1)-(2) ("Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept-- a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."). Additionally, if the parties ever agree that a settlement conference would be beneficial, defense counsel may contact the Court to arrange for one. The parties will have to participate in a conference before the case goes to trial.

    Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion requesting a settlement conference (ECF No. 48) is DENIED.

IT IS SO ORDERED.

Dated: **September 27, 2021**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE