UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>L.T., et al.,<br><br>        Defendant(s). | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS<br><br>ORDER REGARDING SUBSTITUTION OF NAMED DEFENDANTS IN PLACE OF DOE DEFENDANTS |

Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment failure to protect claims against two Doe sergeants and a Doe lieutenant, and on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants KQA, Gonzalez, the two Doe sergeants, the Doe lieutenant, and two Doe correctional officers. (ECF Nos. 13, 18.)

On September 24, 2021, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 47). The parties have now filed their statements. (ECF Nos. 50, 54).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] the Court will direct that certain

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are

1

documents that are central to the dispute be promptly produced.[2]

According to the statement filed by Defendants KQA and Gonzalez:

> [a] confidential inquiry was conducted based on the allegations in Plaintiff's administrative grievance KVSP-19-03306. That inquiry included an interview with Plaintiff, conducted on September 5, 2019. The inquiry also included a review of several other confidential documents regarding Plaintiff's gang affiliation. The documents pertaining to this inquiry are confidential under California law and protected under the official information privilege because disclosure of these records may endanger the safety of inmates and staff, and jeopardize the safety and security of the institution. Upon request of the Court, Defendants can submit these records for in camera review. . . .  Until the Court rules on Defendants' forthcoming motion for summary judgment, which will likely dispose of this case in its entirety, Defendants propose that any order regarding initial disclosures that may issue should specifically exempt any sensitive, confidential documents. Given the procedural posture of the case and possible outcome, disclosing such documents is unnecessary.

(ECF No. 50 at 5-6.) In light of this statement, the Court will direct Defendants KQA and Gonzalez to either: 1) produce the documents related to the "confidential inquiry [that] was conducted based on the allegations in Plaintiff's administrative grievance KVSP-19-03306" to Plaintiff; or 2) provide Plaintiff with a privilege log and submit the documents for in camera review along with an explanation of why the documents should be withheld pursuant to the procedures outlined in the Scheduling Order.[3] (*See* ECF No. 55 at 3-4.)

Additionally, as this case proceeds against Doe defendants, Plaintiff may request documents from Defendants KQA and Gonzalez in order to identify the Doe defendants. Plaintiff may also request a third-party subpoena if this information is not available from Defendants KQA and Gonzalez. Plaintiff may refer to the Court's Scheduling Order for further information regarding the procedures for requesting documents from Defendants KQA and

---

identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[3] As to Defendants' request that discovery be stayed in part until they file a forthcoming motion for summary judgment, no such motion has been filed and the Court will not stay discovery on the basis of Defendants' scheduling statement. This case is in the scheduling stage and has been pending since December 11, 2019.  However, Defendants may file a motion to stay along with any motion for summary judgment, which the Court will take under consideration at that time.

Gonzalez and for requesting a third-party subpoena. (*See* ECF No. 55 at 4.) If Plaintiff is able to identify the Doe defendants, he should file a motion to substitute the named individuals in place of the Doe defendants no later than 120 days from the date of service of this order.[4] If Plaintiff fails to identify the Doe defendants, these defendants may be dismissed without prejudice.

Accordingly, IT IS ORDERED that:

1. Within thirty days of the date of service of this order, Defendants shall produce all documents related to the "confidential inquiry [that] was conducted based on the allegations in Plaintiff's administrative grievance KVSP-19-03306" to Plaintiff or shall provide Plaintiff with a privilege log and submit the documents for in camera review along with an explanation of why the documents should be withheld pursuant to the Scheduling Order (ECF No. 50 at 3-4).

2. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[5]

   a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office.

   b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[6]

---

[4] If Plaintiff needs additional time to conduct discovery regarding the identities of the Doe defendants or to file a motion to substitute, he may request an extension.

[5] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[6] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

      c. All of Plaintiff's medical records related to the incident and/or condition at issue in the case.

      d. Chronos for transfer or Administrative Segregation placement related to the incident(s) alleged in the complaint.

      e. The chrono containing a summary of Sgt. Espinosa's interview of Plaintiff on August 12, 2019 (*see* ECF No. 50 at 4).

3. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

4. Parties do not need to produce documents or evidence that they have already produced.

5. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

6. Parties may object to producing any of the above-listed documents and/or evidence.  Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence).  The objection should include the basis for not providing the documents and/or evidence.  If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.  If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response.  If any party files a response to an objection, the Court will issue a ruling on the objection.

///

///

---

The Court notes that Defendants only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

7. Plaintiff has 120 days from the date of service of this order to file a motion to substitute named defendants in place of the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers.

IT IS SO ORDERED.

Dated:   **November 22, 2021**                    /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE