UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L.T., et al.,<br><br>　　　　Defendants. | Case No.  1:19-cv-01724-DAD-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR STAY<br><br>(ECF Nos. 57, 61) |

Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court are Defendants Gonzalez and K. Ga's[1] ("Defendants') motions to stay this case. (ECF Nos. 57, 61.)

On November 19, 2021, the Court entered a Scheduling Order in this case and discovery opened. (ECF No. 55.) On November 19, 2021, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 56.) Defendants also filed a motion requesting to stay the case and vacate all pending deadlines until the Court rules on the motion for summary judgment. (ECF No. 56.) On November 22, 2021, the Court entered an order directing the parties to exchange documents. (ECF No. 58.) Plaintiff did not file an opposition or any other response to Defendants' November 19, 2021 motion to stay.[2]

---

[1] Plaintiff's operative complaint names Defendant K.Ga as K.Q.A. (*See* ECF No. 12.)

[2] On December 21, 2021, Defendants filed a second motion to stay because it was unclear to Defendants whether the

1

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

Applying the relevant factors to this case, the Court finds that a stay is appropriate. Defendants' motion for summary judgment may resolve the case in its entirely.  The motion is now fully briefed and awaiting ruling.  Accordingly, the parties' and the Court's time and resources will be conserved by a stay. Additionally, the stay will not impose undue hardship or inequity to the parties at this stage in the case. Thus, the Court will stay all discovery and pending deadlines in the case and will reset any necessary deadlines following a final ruling on the motion for summary judgment if any of Plaintiff's claims proceed.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to stay (ECF Nos. 57, 61) are GRANTED; and

///

///

///

---

Court was aware that they had moved for summary judgment and requested a stay when the Court's November 22, 2021 order was entered. (ECF No. 61.) The second motion contains substantially the same arguments as Defendants' first motion.

[3] The Court's November 22, 2021 order permitted Plaintiff to request documents from Defendants in order to identify the Doe defendants in this case, and further set a deadline for Plaintiff to file a motion to substitute named defendants in place of the Doe defendants. (ECF No. 58.) Plaintiff is advised that all discovery, including discovery regarding the Doe defendants, is stayed by this order. Any deadline to substitute the Doe defendants will be reset as necessary after Defendants' motion for summary judgment is resolved.

2. All discovery and upcoming deadlines in this case are stayed until the District Judge issues an order on Defendants' pending motion for summary judgment (ECF No. 56).

IT IS SO ORDERED.

Dated: **January 5, 2022**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3