UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SECOND WATCH SGT., et al.,<br><br>    Defendants. | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 51)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Plaintiff Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in formal pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion requesting an order transferring him from Kern Valley State Prison ("KVSP"). (ECF No. 51.) For the following reasons, the Court will recommend that Plaintiff's motion be denied.

    **I.    BACKGROUND**

    **A.    Plaintiff's Complaint**

    Plaintiff initiated this action on December 11, 2019. (ECF No. 1.) According to the complaint, while Plaintiff was housed on EOP C-Yard at KVSP, his cellmate threatened to kill

him. (*Id.*) Plaintiff notified defendants K. Ga,[1] Gonzalez, two Doe sergeants, and a Doe lieutenant, but Plaintiff was placed back in the same cell. (*Id.*) Plaintiff was ultimately attacked by two inmates with razor blades and was denied medical treatment. (*Id.*)

The Court has screened Plaintiff's complaint and this case is proceeding on Plaintiff's Eighth Amendment failure to protect claims against two Doe sergeants and a Doe lieutenant and on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against defendants K. Ga, Gonzalez, the two Doe sergeants, the Doe lieutenant, and two Doe correctional officers. (ECF No. 13, 18.)[2]

### B. Plaintiff's Motion

Plaintiff's motion, filed on November 1, 2021, states that he was attacked by another inmate on October 25, 2021, at approximately 6:15 PM in C-8 B Section, while in the presence of C/O Peralta and his partner. (ECF No. 51.) Staff did not do anything to try to prevent the attack and instead just stood there and waited for further violence. (*Id.*) There is body cam video from the officers and video from the building proving Plaintiff's allegations. (*Id.*) Once in the holding cages, the inmate who attacked Plaintiff stated that it was not personal and he was asked by a correctional officer to cause Plaintiff physical harm. (*Id.*) Plaintiff never attempted to fight back and instead yelled to both correctional officers three times to get the inmate and Plaintiff was ignored. (*Id.*) Both correctional officers did not have their alarms as they are required by law to have. (*Id.*)

On November 17, 2021, Defendants K. Ga and Gonzalez filed an opposition to the motion. (ECF No. 53.) Defendants argue that only the Warden of KVSP can authorize Plaintiff's transfer, and the Warden is not a defendant in this case. (*Id.* at 4.) Additionally, Plaintiff has not established that he is likely to succeed on the merits of his claims or likely to suffer harm, and the

---

[1] Plaintiff's operative complaint names Defendant K.Q.A. but this defendant has appeared in the case and indicated that the correct name is K. Ga. (*See* ECF No. 46.)

[2] Defendants K. Ga and Gonzalez have filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 56.) On January 6, 2022, the Court entered an order granting Defendants' motion to stay all discovery and upcoming deadlines in the case until a district judge issues an order on Defendants' pending motion for summary judgment. (ECF No. 65.)

balance of equities does not favor Plaintiff. (*Id.* at 4-5.) Defendants further contend that an injunction is not in the public interest and would not comply with the PLRA. (ECF No. 5-6.) Additionally, the Court should exercise deference in favor of prison officials' decisions regarding prison management. (*Id.* at 6.)

Plaintiff did not file a reply in support of his motion for injunctive relief or otherwise respond to Defendants' opposition.

On January 12, 2021, Plaintiff filed a notice of change of address stating that he is no longer housed at KVSP and updating his address to California State Prison, Los Angeles County ("LAC"). (ECF No. 66.)

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,

and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. DISCUSSION

The Court will recommend that Plaintiff's motion be denied. Plaintiff has filed a notice of change of address indicating that he has been transferred from KVSP to LAC. (ECF No. 66.) Accordingly, the motion appears to be moot.

Additionally, this is Plaintiff's fourth motion requesting a transfer from KVSP. (ECF Nos. 15, 21, 34.) Plaintiff's three prior motions have all been denied, and this motion again suffers from many of the same defects. (*See* ECF Nos. 25, 36, 39, 41.)

First, Plaintiff again has not identified any specific immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff. Plaintiff only make generalized statements that he is afraid for his safety. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff . . . faces imminent harm.").

Second, Plaintiff's allegations are beyond the scope of the complaint. This case is proceeding on Plaintiff's Eighth Amendment claims against two Doe sergeants, a Doe lieutenant, two Doe correctional officers, K. Ga, and Gonzalez arising out of Plaintiff's former cellmate's threats and an attack by two unidentified inmates. Plaintiff is not entitled to an injunction in this action based on his allegations of unrelated attacks by other inmates involving different correctional officers. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority

to issue an injunction.").

Third, Plaintiff has not established that he is likely to succeed on the merits. Plaintiff does not submit any declarations, witness statements, or other evidence suggesting Defendants were deliberately indifferent to a serious risk of harm or deliberately indifferent to a serious medical need in violation of his Eighth Amendment rights as alleged in the complaint.

Fourth, Plaintiff fails to show the balance of equities supports injunctive relief. "Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions." *Jimenez v. Diaz*, 2019 WL 5541372, at *4 (E.D. Cal. Oct. 28, 2019), *report and recommendation adopted*, 2020 WL 1911570 (E.D. Cal. Apr. 20, 2020) (citation omitted); *Turner v. Safley*, 482 U.S. 78, 85 (1987) (noting that the government is afforded widest latitude in cases involving the administration of state prisons). Plaintiff has not shown that the equities favor this Court interfering with a prison classification decision.

Fifth, Plaintiff is seeking injunctive relief against the Warden of KVSP. However, the Warden is not a defendant in this action and the defendants in this case do not appear to have the authority to provide the relief Plaintiff is seeking. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## IV.  CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief (ECF No. 51) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to

file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 21, 2022**                           /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

6