UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>SECOND WATCH SGT., et al.,<br><br>Defendants. | Case No. 1:19-cv-01724-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 56)<br><br><u>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS</u><br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR A SETTLEMENT CONFERENCE<br><br>(ECF No. 63) |

Plaintiff Clarence Lonell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Before the Court is Defendants Gonzalez and K. Ga's[1] ("Defendants") motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. (ECF No. 56.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(17). For the following reasons, the Court recommends that Defendants' motion for judgment be granted and that this case be dismissed without prejudice as to named Defendants only, and not to the unidentified Doe defendants.

---

[1] Plaintiff's operative complaint names Defendant K. Ga as K.Q.A. (*See* ECF No. 12.)

1

## I. BACKGROUND

### A. Plaintiff's Claims

Plaintiff's operative Second Amended Complaint ("SAC") alleges that his cellmate threatened to kill him while he was housed on EOP C-Yard. (ECF No. 12.) Plaintiff told Defendants that he feared for his life based on his cellmate's threat. (*Id.*) Plaintiff was placed in a holding cage and interviewed by a Doe sergeant, who instructed Defendants to put Plaintiff back in the same cell. (*Id.*) Plaintiff told staff he was suicidal and was placed on suicide watch. (*Id.*) The next day, a Doe lieutenant told the psychologist to discharge Plaintiff and had seven correctional officers escort Plaintiff to the same cell where he was previously housed. (*Id.*) The Doe lieutenant tried to force Plaintiff into the cell, and Plaintiff reported being suicidal again. (*Id.*) Two Doe sergeants and the Doe lieutenant told Plaintiff that they would not protect him unless Plaintiff provided the names of inmates who own cell phones and sell drugs. (*Id.*) Plaintiff told them that he did not know of any, and Plaintiff was placed back on C-Yard in the same building. (*Id.*)

On one occasion, Plaintiff was sent back without an escort and two inmates ran up to Plaintiff and attempted to harm him with razor blades. (ECF No. 12.) Plaintiff was cut on his left wrist when he tried to block the blows. (*Id.*) Plaintiff showed Defendants, the Doe sergeants, and the Doe lieutenant, but they forced Plaintiff to house in C-7. (*Id.*) Plaintiff was bleeding badly and asked for medical treatment, but none was provided. (*Id.*)

The Court screened the SAC and found that it stated cognizable claims for failure to protect under the Eighth Amendment against the two Doe sergeants and the Doe lieutenant and for deliberate indifference to serious medical needs under the Eighth Amendment against Defendant Ga, Defendant Gonzalez, the two Doe sergeants, the Doe lieutenant, and the two Doe correctional officers. (ECF No. 18).

### B. Defendants' Motion for Summary Judgment

On November 19, 2021, Defendants filed their motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.[2] (ECF No. 56.) Defendants concede that

---

[2] Defendants also filed a motion to stay this case until the Court rules on the motion for summary judgment. (ECF No. 56.) The Court granted the motion to stay on January 6, 2021. (ECF No. 65.)

Plaintiff submitted a grievance, KVSP-19-03306, regarding his safety concerns but argue that the grievance was insufficient to exhaust Plaintiff's Eighth Amendment claims. (*Id.*) First, Plaintiff did not pursue the grievance past the First Level of Review. (*Id.* at 14-18.) Second, the grievance does not contain any allegations regarding Plaintiff's medical deliberate indifference claim. (*Id.* at 20.)

On December 21, 2021, after Plaintiff failed to file a timely opposition, the Court entered an order directing Plaintiff to file a response to the motion for summary judgment within thirty days. (ECF No. 62.) On December 29, 2021, Plaintiff filed his opposition. (ECF No. 63.) Plaintiff argues that his 602 was granted at the First Level of Review, with the exception of his monetary request due to the California Department of Corrections and Rehabilitation ("CDCR") not being able to provide funds in such cases.[3] (*Id.*) According to Plaintiff, granting the 602 on the First Level of Review is a "clear admission of guilt on KVSP staff." (*Id.*) Because the 602 was granted, it was deemed exhausted. (*Id.*) Plaintiff also requests that the Court set a settlement conference. (*Id.*)

On January 4, 2022, Defendants filed a reply. (ECF No. 64.) Defendants argue that, even though Plaintiff's grievance was granted at the First Level of Review, he was required to further exhaust his administrative remedies. (*Id.* at 2.) Plaintiff abandoned his staff misconduct allegations when he failed to pursue them to the Second and Third Levels of Review. (*Id.* at 2-3.) Further, the grievance did not put officials on notice of Plaintiff's claims. (*Id.*)

The motion was deemed submitted on the record without oral argument following submission of the reply. E.D. Cal. L.R. 230(l).

## II.     LEGAL STANDARDS

### A.     Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting

---

[3] The Court notes that the form 602 Defendants submitted, which Plaintiff does not contest is a correct copy, does not include a request for monetary relief. (*See* ECF No. 56-3 at 10-11.)

that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn . . ."; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n.2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed . . . ." *Anderson*, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v.*

*San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

**B.      Exhaustion**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies . . . .") (repealed June 1, 2020).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey,* 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578

U.S. 632, 640, 642 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Ross*, 578 U.S. 643–44. "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

///
///
///

### III. DISCUSSION

#### A. Undisputed Facts

Plaintiff submitted no evidence in support of his opposition, did not cite to any evidence in the record, and did not contest the materials Defendants cited in their motion. (*See* ECF No. 63.) Additionally, while the parties dispute whether Plaintiff was required to appeal his grievance past the First Level of Review to sufficiently exhaust his claims, they do not dispute the existence of the grievance or the factual circumstances of the appeals. Thus, the Court considers all of Defendants' properly supported facts as undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

Defendants submit a declaration from C. Garcia, a Grievance Coordinator responsible for receiving, logging, routing, and monitoring the disposition of inmate grievances at Kern Valley State Prison ("KVSP"). (ECF No. 56-3 at 1.) Garcia describes the administrative grievance process at KVSP during the relevant time period,[4] including that inmate grievances were required to go through three formal levels of administrative review. (*Id.* at 2-3.) A decision at the Third Level of Review constituted a final decision of the Secretary of the CDCR, and exhausted the inmate's administrative remedies. (*Id.* at 3.)

Garcia declares that he reviewed the Inmate/Parolee Appeals Tracking System ("IATS") for grievances Plaintiff filed while he was housed at KVSP. (ECF No. 56-3 at 4.) Plaintiff's SAC identified KVSP-19-03306 as relevant to his claims, and Garcia attaches a copy of this grievance to his declaration. (*Id.* at 3.) Plaintiff's records indicate that he was transferred from KVSP to California Health Care Facility on August 14, 2019, and submitted grievance KVSP-19-00306 on August 19, 2019. (*Id.*) The copy of KVSP-19-00306 attached to Garcia's declaration states that it is in regards to safety concerns, and describes the issue as follows:

> On the dates of 8/6/19-8/7/19-8/8/19-8/9/19 8/10/19 and 8/11/19 I addressed to the C-8 EOP unit officers that I have . . . safety concerns on C-yard from a inmate by the name of AKA Peanut who is housed in C-7 . he lives in A section. I'm unaware of his real name. All Sergeants and lieutenants told me that they would not address my safety concerns unless I provide them information to inmates who have cell phones and drugs. I also have safety concerns from inmate (R. Adams AW2312) who threatened my life as well so I moved out of the cell with him. I was also approached by two inmates on the yard who pulled out homemade knives

---

[4] On June 1, 2020, new regulations related to inmate grievances became effective. (*See* ECF No. 56-3 at 2.) The parties do not dispute that Plaintiff submitted his grievance before the new regulations went in to effect.

> on me and attempted to stave me in front of C-8. They were sent by Peanut mentioned above who is hosued in C& A-section. All coustody on C-Yard keep putting back on the yard intentionally in harms way.

(*Id.* at 10-11.) Under "Action requested" Plaintiff wrote "to have my safety concerns addressed and to be sent to any ad-seg that is a hub pending a transfer to another prison that has a E.O.P." (*Id.* at 10.)

Garcia further declares that, on September 5, 2019, Plaintiff was interviewed by telephone in connection with the allegations contained in KVSP-19-03306 and Plaintiff had no additional information to add. (ECF No. 56-3 at 3.) KVSP issued its First Level of Review decision on September 5, 2019. (*Id.*) According to the First Level Review decision, Plaintiff's appeal was granted, his safety concerns were addressed and documented in his inmate central file, and his request to be transferred to another institution was granted as Plaintiff was housed at another facility. (*Id.* at 3, 8) Garcia was unable to locate any other grievances submitted on or after August 6, 2019, alleging Defendants were deliberately indifferent to Plaintiff's medical needs. (*Id.* at 3.)

Defendants also a declaration from Howard E. Moseley, Associate Director of the Office of Appeals ("OOA"), who is responsible for administering the CDCR's grievance and appeal process for inmates and parolees. (ECF No. 56-4 at 1.) The OOA receives, reviews, and maintains all appeals for non-health care issues. (*Id.* at 2.) A search of OOA's records was conducted to determine whether OOA received any appeals from Plaintiff on or after August 6, 2019, alleging that Defendants were deliberately indifferent to Plaintiff's medical needs at KVSP. (*Id.* at 3.) The OOA's computer system does not show any appeals by Plaintiff received on or after August 6, 2019, which include allegations that Defendants violated Plaintiff's Eighth Amendment rights in August of 2019 at KVSP. (*Id.*) On December 23, 2020, the OOA received an appeal of Grievance Log No. 70307, which alleged that Plaintiff's proposed transfer from Salinas Valley State Prison to KVSP was improper and referenced "safety concerns against the C-yard KVSP EOP Corectionall Staff c/o KQA, c/o Gonzalez, GSTs, L.T.s, as well with a pending lawsuit against them all." (*Id.* at 14.)

///

///

**B.    Analysis**

As an initial matter, the Court notes that only Plaintiff's Eighth Amendment medical deliberate indifference claim proceeds against Defendants. (*See* ECF Nos. 13, 18.) Plaintiff's Eighth Amendment failure to protect claim solely proceeds against Doe defendants.[5] (*Id.*) The Doe defendants have not been identified or served.[6] Defense counsel does not represent the Doe defendants and the motion for summary judgment was not brought on their behalf. Additionally, the evidence Defendants submitted focuses on grievances concerning Defendants and does not address whether the declarants located any grievances concerning the Doe defendants. (*See* ECF Nos. 56-3, 56-4.) Thus, the Court will not recommend granting summary judgment as to any claims against the Doe defendants.

Here, as to the named Defendants, it is undisputed that the CDCR has a process in place for administrative grievances, and that an inmate must process his grievance through the Third Level of Review in order to exhaust administrative remedies. It is also undisputed that Plaintiff submitted grievance KVSP-19-00306, the First Level of Review granted Plaintiff's request for a transfer and documented Plaintiff's safety concerns in his inmate central file, and Plaintiff did not appeal the First Level of Review decision. It is undisputed that Plaintiff did not exhaust KVSP-19-00306 through the Third Level of Review.

As Defendants have carried their burden to show that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy prior to commencement of the instant lawsuit, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino II*, 747 F.3d at 1172. However, "the ultimate burden of proof remains with the defendant." *Id.*

///

---

[5] Plaintiff's Eighth Amendment medical deliberate indifference claim proceeds against both Doe defendants and the named Defendants.

[6] The Court's November 22, 2021 order permitted Plaintiff to request documents from Defendants in order to identify the Doe defendants in this case, and further set a deadline for Plaintiff to file a motion to substitute named defendants in place of the Doe defendants. (ECF No. 58.) However, all discovery, including discovery regarding the Doe defendants, was stayed by the Court's order granting Defendants' motion to stay, with the deadline to substitute the Doe defendants to be reset as necessary after resolution of Defendants' motion for summary judgment. (ECF No. 65.)

Defendants argue that grievance KVSP-19-00306 was not sufficient to put prison officials on notice of Plaintiff's deliberate indifference to medical needs claim because it does not mention that he was injured, that Defendants were notified of any injury, or that Defendants refused to summon medical assistance for Plaintiff. (ECF No. 56 at 19.) Plaintiff's opposition does not address or respond in any way to his argument, and Plaintiff solely argues that he was not required to further appeal his grievance past the First Level of Review. (ECF No. 63.)

The undersigned finds that KVSP-19-00306 "grievance failed to 'alert[ ] the prison to the nature of the wrong for which redress is sought' and provide sufficient information 'to allow prison officials to take appropriate responsive measures'" with respect to Plaintiff's medical deliberate indifference claim. *Reyes*, 810 F.3d at 658 (alteration in original) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120, 1121 (9th Cir. 2009)). The submitted CDCR form 602 complained of Plaintiff's safety concerns regarding inmates Peanut and Adams, as well as the two unnamed inmates who attempted to stab Plaintiff. However, the grievance does not mention any injuries or need for medical assistance, and does not include any allegations that Defendants knew Plaintiff had been cut during an attack by inmates or refused to provide any medical treatment.[7]

Accordingly, the Court finds that Defendants have established that there is no genuine dispute that Plaintiff failed to exhaust his Eighth Amendment medical deliberate indifference claim against Defendants. Therefore, the undersigned will recommend that Defendants' motion for summary judgment be granted and that Plaintiff's Eighth Amendment medical deliberate indifference claim against Defendants be dismissed without prejudice for failure to exhaust.[8]

In light of this recommendation, the Court will deny Plaintiff's request for a settlement conference at this time.

---

[7] Having found that summary judgment is appropriate on this basis, and because only Plaintiff's Eighth Amendment medical deliberate indifference claim proceeds against Defendants, the Court declines to address Defendants' alternative argument that Plaintiff was required to appeal his grievance to the Third Level of Review even though his requested relief was granted at the First Level of Review. *See Harvey v. Jordan,* 605 F.3d 681, 685 (9th Cir. 2010) (holding that a prisoner "has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies"). (*See also* ECF No. 56-3 at 8 (granting Plaintiff's request for safety concerns to be addressed and for transfer at the First Level of Review).)

[8] The Court will address lifting the stay and setting a deadline for Plaintiff to substitute Doe defendants following issuance of an order regarding these findings and recommendations.

## II.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendants' motion for summary judgment (ECF No. 47) be GRANTED as to Defendants Gonzalez and K.Q.A., aka K. Ga, only; and

2. Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Gonzalez and K.Q.A., aka K. Ga, be dismissed without prejudice because Plaintiff failed to exhaust his available administrative remedies before filing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, and in light of this recommendation, IT IS HEREBY ORDERED that Plaintiff's request for a settlement conference (ECF No. 63) is DENIED.

IT IS SO ORDERED.

Dated:  **March 7, 2022**          /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

11