UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON, <br><br> Plaintiff, <br><br> v. <br><br> L.T., *et. al.*, <br><br> Defendants. | Case No. 1:19-cv-01724-ADA-EPG (PC) <br><br> ORDER DENYING WITHOUT PREJUDICE PLANTIFF'S MOTION FOR PERSONAL PROPERTY <br><br> (ECF No. 78). |

Clarence Lonnell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 15, 2022, Plaintiff filed a motion for personal property which requests the Court to issue an order directing staff at San Quentin State Prison to expedite the retrieval of Plaintiff's personal property from Mule Creek State Prison. (ECF No. 78). Plaintiff represents that since his arrival to San Quentin State Prison on July 28, 2022, "zero attempts have been made by custody to obtain my personal property from MCSP." (Id.). Plaintiff states the personal property in question includes legal work and legal mail. (Id.). For the reasons that follow, Plaintiff's motion will be denied without prejudice.

First, the Court notes that, according to Plaintiff, he was transferred from Mule Creek State Prison to San Quentin State Prison on July 28, 2022, and that Plaintiff signed his motion on August 9, 2022. (ECF No. 78). Thus, it is not clear on the face of the motion that the property transfer has been unreasonably delayed. Further, while Plaintiff states the personal property contains legal material, Plaintiff does not connect the request to any Defendants in this case or

inability to litigate this case. For those reasons, the motion will be denied without prejudice.

However, if Plaintiff does not receive his legal property in a reasonable time and wishes to file another motion for a court order to obtain his property, the Court provides the following legal standards under the All Writs Act.

The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 49377, *3-4, 2019 WL 118880444 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303, 122 S.Ct. 1, 150 L.Ed.2d 782 (2001) (citations and internal quotation marks omitted).

Alternatively, if Plaintiff needs an extension to a deadline in this action due to any delay in receiving his legal property, Plaintiff may file an extension of time with this Court.

\\\
\\\
\\\

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for personal property is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 9, 2022**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE