UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONELL ROBERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L.T., et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01724-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DOE DEFENDANTS BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF No. 73)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.   BACKGROUND**

Clarence Lonnell Roberson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claims for failure to protect against two Doe sergeants and a Doe lieutenant and for deliberate indifference to serious medical needs against the two Doe sergeants, the Doe lieutenant, and two Doe correctional officers.[1]  (See ECF Nos. 13 & 18).

The Doe Defendants have not been served. On May 18, 2022, the Court authorized the

---

[1] On April 29, 2022, District Judge Dale A. Drozd entered an order adopting the Court's findings and recommendations recommending that defendants Gonzalez and K. Ga's motion for summary judgment be granted. (ECF No. 70).

issuance of a subpoena so that Plaintiff could request documents that will help him identify the Doe Defendants and gave Plaintiff 120 days to file a motion to substitute named defendants in place of the Doe Defendants, so that the Doe Defendants could be identified and served. (ECF No. 73). The subpoena was served on July 6, 2022. (ECF No. 76).

On August 15, 2022, Plaintiff filed what the Court construed, in part, as a motion to compel the Warden of Kern Valley State Prison to appropriately respond to Plaintiff's subpoena. (ECF No. 77). On September 13, 2022, the Court granted Plaintiff's motion to compel in part. (ECF No. 81). The Court gave the Warden thirty days "to serve Plaintiff with objections or produce the C-yard and C-8 assignment rosters at Kern Valley State Prison for the following dates: August 7, 2019, August 8, 2019, August 9, 2019, August 10, 2019, and August 11, 2019." (Id. at 3).

Both the Warden's deadline to respond to Plaintiff's subpoena and Plaintiff's deadline to file a motion to substitute have passed, and Plaintiff has not filed a motion to substitute or asked for additional time to do so.

As Plaintiff has failed to identify the Doe Defendants, the Court will recommend that the Doe Defendants be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the United States Marshals Service ("the Marshal") with accurate and sufficient information to effect service of the summons and complaint on the Doe Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m). As the Doe Defendants are the only remaining defendants, the Court will also recommend that this case be closed.

**II.    LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of

the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate.  Walker, 14 F.3d at 1421-22.

**III.    ANALYSIS**

The Court issued a subpoena so that Plaintiff could request documents that will help him identify the Doe Defendants, the subpoena was served, and the Court required the Warden to serve Plaintiff with objections or produce documents requested by Plaintiff.  However, the Warden's deadline to respond to Plaintiff's subpoena and Plaintiff's deadline days to file a motion to substitute have passed, and Plaintiff has not filed a motion to substitute to identify the Doe Defendants or asked for additional time to do so.

As Plaintiff has failed to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on Doe Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that the Doe Defendants be dismissed from the action, without prejudice.  As the Doe Defendants are the only remaining defendants, the Court will also recommend that this case be closed.

**IV.    RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The Doe Defendants be dismissed from this action, without prejudice, because of

3

Plaintiff's failure to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on the Doe Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2022**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE